## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| THOMAS A. WALSH, | : | |
| Petitioner, | : | CIVIL ACTION |
| vs. | : | |
| | : | NO. 08-5273 |
| MICHAEL D. KLOPOTOSKI, et al., | : | |
| Respondents. | : | |

## MEMORANDUM OPINION

RUFE, J.                                                              January 25, 2012

Before the Court are Petitioner Thomas A. Walsh's Objections to the Report and Recommendation and Request for Appointment of Counsel.[1]  Because Petitioner's Objections lack merit, the Court will overrule Petitioner's Objections, approve and adopt the Report and Recommendation, and deny the Petition.  The Court will also deny the request to appoint counsel.[2]

### I. BACKGROUND

The Report and Recommendation ("R&R") of United States Magistrate Judge Lynne A. Sitarski describes in detail the facts and procedural history underlying the Petition.  The

---

[1]  Despite their titles, Petitioner's "Objections" request that the Court appoint counsel, while his "Request for Appointment of Counsel" states Petitioner's objections to the Report and Recommendation.

[2]   After a careful and independent review of the state court record and the filings in this case, the Court is confident that the Report and Recommendation ("R&R") adequately addresses Petitioner's claims despite their lack of clarity, and reaches the correct conclusion.  The Court is concerned however, that counsel was not appointed in response to Petitioner's initial request in November 2009.  Nevertheless, the state court record is replete with testimony and documents showing the efforts made by trial counsel and PCRA counsel to determine whether Petitioner had a mental impairment that would have supported the assertion of an insanity defense at trial.  While concerns about "Petitioner's discussion [being] disjointed and rambling" (see R&R at 35) may be better addressed by appointing counsel earlier in the proceedings, the Magistrate Judge had a sufficient record to identify and address the issues Petitioner wished to raise.

background information is accurate and consistent with the record in this case and Petitioner does not object to this section of the R&R.  The Court adopts the factual background and procedural history as contained in the R&R and sets forth herein only the context necessary to address Petitioner's objections.

Petitioner was tried by a jury in the Chester County Court of Common Pleas, convicted of Aggravated Assault,[3] two counts of Simple Assault,[4] Stalking,[5] Possession of an Instrument of a Crime,[6] two counts of Recklessly Endangering Another Person,[7] Criminal Mischief,[8] Terroristic Threats,[9] Loitering and Prowling at Nighttime,[10] and Retaliation against Witness,[11] and sentenced to 13-37 years imprisonment.  The conviction stems from an encounter between Petitioner and his ex-wife, Dinah Walsh.  On October 15, 2003, at approximately 8:30 p.m., Mrs. Walsh pulled into the driveway of her home.  As Mrs. Walsh was opening her car door, Petitioner grabbed her from behind and began beating her in the head with a hammer.  According to Mrs. Walsh, Petitioner alternated between hitting her with the hammer and breaking the windows of her car.

Petitioner had been released from prison about a week before the incident occurred.  He

---

[3]   18 Pa. C.S.A. § 2702(a)(1), (4).

[4]   18 Pa. C.S.A. § 2701(a)(1), (3).

[5]   18 Pa. C.S.A. § 2709.1(a)(1).

[6]   18 Pa. C.S.A. § 907(a).

[7]   18 Pa. C.S.A. § 2705.

[8]   18 Pa. C.S.A. § 3304(a)(1), (2).

[9]   18 Pa. C.S.A. § 2706.

[10]   18 Pa. C.S.A. § 5506.

[11]   18 Pa. C.S.A. § 4953(a).

had been prescribed the antidepressant drug Elavil while incarcerated, but was not provided with this medication upon release.  Petitioner asserts that, at the time of the incident, he was experiencing withdrawal from Elavil.  According to Petitioner, this withdrawal, when combined with what Petitioner claims is a pre-existing traumatic brain injury, caused Petitioner to become violent.  He asserts that his trial counsel was ineffective for failing to raise a defense based on this mental impairment.  Judge Sitarski agreed with the state court that the record showed that trial counsel was not ineffective.  Petitioner objects to this conclusion.

## II. LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[12] governs habeas petitions like the one before this Court.  Under AEDPA, "a district court shall entertain an application for writ of a habeas corpus [filed on] behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."[13]  Where, as here, the habeas petition is referred to a magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), a district court conducts a *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[14]

Where the claims presented in a federal habeas petition have been decided on the merits in state court, a district court may not grant relief unless the adjudication of the claim in state

---

[12]  28 U.S.C. § 2254.

[13]  28 U.S.C. § 2254(a).

[14]  28 U.S.C. § 636(b)(1).

court:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.[15]

A state court's decision is "contrary to" clearly established law if the state court applies a rule of law that differs from the governing rule set forth in Supreme Court precedent or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent."[16]  A decision is an "unreasonable application" of clearly established law if "the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case."[17]  The "unreasonable application" clause requires more than an incorrect or erroneous state court decision.[18]  Instead, the application of clearly established law must be "objectively unreasonable."[19]

### III.  DISCUSSION

**A.     Petitioner's Objections**

Petitioner asserts that his trial counsel was ineffective for failing to pursue an insanity or

---

[15] 28 U.S.C. § 2254(d).

[16] Lockyer v. Andrade, 538 U.S. 63, 73 (2003) (quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000)).

[17] Id. at 75 (quoting Williams, 529 U.S. at 413).

[18] Id.

[19] Id.

diminished capacity defense at trial.  Ineffective assistance of counsel claims are evaluated pursuant to the two-pronged test established in Strickland v. Washington.[20]  Under Strickland, counsel is presumed to have acted reasonably and to have been effective unless a petitioner can demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced petitioner.[21]  To establish prejudice, a petitioner must show there is a reasonable possibility that but for counsel's deficient performance the outcome of the underlying proceeding would have been different.[22]  Accordingly, "[a]n attorney cannot be ineffective for failing to raise a claim that lacks merit."[23]

Petitioner's trial counsel was not ineffective for failing to raise a diminished capacity defense.  "Diminished capacity is an extremely limited defense"[24] and under Pennsylvania law, it is a defense only to a first degree murder charge.[25]  Therefore, trial counsel's failure to raise diminished capacity as a defense to Petitioner's assault charges did not render his performance ineffective.

Similarly, trial counsel's failure to raise an insanity defense did not render his performance ineffective.  An insanity defense is not available simply because a defendant has a mental illness; to offer this defense, a defendant's impairment must meet Pennsylvania's legal

---

[20]  466 U.S. 668 (1984).

[21]  Id. at 687.

[22]  Lewis v. Horn, 581 F.3d 92, 106-07 (3d Cir. 2009).

[23]  Singletary v. Blaine, 89 F. App'x 790, 794 (3d Cir. 2004) (citing Moore v. Deputy Comm'r of SCI-Huntingdon, 946 F.2d 236, 245 (3d Cir.1991)).

[24]  Commonwealth v. Singley, 868 A.2d 403, 412 n.10 (Pa. 2005).

[25]  Commonwealth v. Swartz, 484 A.2d 793, 796 (Pa. Super. Ct. 1984).

definition of insanity.[26]   Here, the Superior Court "agree[d] with the PCRA court that the psychiatrist specifically found that any withdrawal from Elavil, and indeed any underlying mental condition, would not have offered [Petitioner] a defense at trial."[27]   Judge Sitarski agreed, concluding that trial counsel was not deficient in failing to pursue an insanity defense.

There is ample evidence in the record supporting trial counsel's decision not to pursue an insanity defense in Petitioner's case.  Trial counsel contacted Dr. Kenneth Weiss for his medical opinion as to the effects of withdrawal from Elavil.  Dr. Weiss opined that the most worrisome possible effect of withdrawal is an abrupt change in mood and flu-like symptoms, but that withdrawal would not affect an individual's cognitive ability to understand the difference between right and wrong.  In addition, Dr. Weiss conducted a psychiatric evaluation of Petitioner.  In Dr. Weiss's opinion, there was no basis to support that any medical or psychiatric condition brought about Petitioner's violent behavior.[28]

PCRA counsel's investigation into the effects of Elavil withdrawal revealed similar results.  PCRA counsel contacted Dr. Michael Dorfman, who rendered his opinion that sudden discontinuance of Elavil might cause excessive sleepiness or flu-like symptoms.  But neither of the doctors consulted by trial and PCRA counsel opined that uncontrolled violence was a symptom of withdrawal from Elavil.  Therefore, trial counsel's failure to raise an insanity

---

[26]   To be legally insane "means that, at the time of the commission of the offense, the actor was laboring under such a defect of reason, from disease of the mind, as not to know the nature and quality of the act he was doing or, if the actor did know the quality of the act, that he did not know that what he was doing was wrong."  18 Pa. C.S.A. § 315.

[27]   Commonwealth v. Walsh, No. 2438-EDA-2006 (Pa. Super. Ct. Aug. 22, 2007).

[28]   Petitioner was also examined by Dr. Gerald Cooke, who determined Petitioner was competent to stand trial despite any alleged mental impairment.

defense based on these unsustainable assertions was not deficient and the state court's finding to this effect was not objectively unreasonable.

**B.     Petitioner's Request to Appoint Counsel**

Petitioner asserts that due to his alleged mental impairments, he has relied upon friends in preparing his legal filings; however, circumstances beyond his control prevented him from obtaining this assistance in filing his objections to the R&R.  He therefore requests that the Court appoint counsel to assist him in filing objections.  The Court will not appoint counsel at this stage of the proceedings.  All issues have been fully briefed by the parties and the time for filing objections has passed.  Petitioner was able to raise the argument that trial counsel was ineffective for failing to raise an insanity or diminished capacity defense, and for the reasons stated above, this argument is without merit.  Accordingly, the Court will deny Petitioner's request for appointment of counsel.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Petitioner's request to appoint counsel, overrule Petitioner's Objections, approve and adopt the Report and Recommendation, and deny the Petition.  Since Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue.[29]

An appropriate Order follows.

---

[29]  See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Pursuant to Local Appellate Rule 22.2, at the time of a final order denying a habeas petition, a district judge is required to determine whether a certificate of appealability ("COA") should issue.  A COA should not be issued unless "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Id. (internal quotation marks omitted).